7171

ATHERTON v. ATLANTIC COAST LINE R. R. CO.

1. Costs—Witnesses.—One party cannot tax against the other fees for his witnesses without showing they were duly *subpoenaed.*
2. Ibid.—Ibid.—The attendance on the Court and distance traveled by witnesses should be shown by affidavit of the witnesses in order to tax for them against other party.
3. Ibid.—Ibid.—In order to tax cost against the other party for a witness not sworn, it should appear by affidavit that his attendance was procured in good faith, and if required *prima facie* showing should be made that he was material or intended to be so.

Before HYDRICK, J., Charleston, May, 1908. Affirmed.

Action by Thomas H. Atherton, Jr., against Atlantic Coast Line R. R. Co. From Circuit decree as to taxation of cost, defendant appeals.

*Mr. T. Moultrie Mordecai* for appellant, cites: *Subpoena not necessary:* 16 S. C., 58. *Attendance of witnesses:* 64 S. C., 197; 24 S. C., 257.

*Mr. J. P. K. Bryan,* contra, cites: *Subpoena necessary:* 1 Bail., 190; 64 S. C., 199; 1 Bail., 542; 43 S. C., 370. *Materiality of witnesses:* 2 Bail., 131; 2 Speer, 89; 2 Hill, 555.

April 20, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal is from an order of Judge Hydrick setting aside the clerk's taxation of costs in the above stated case.

On plaintiff's motion a nonsuit had been ordered. with costs taxable against plaintiff. The clerk taxed among other things, the *per diem* and mileage of nine witnesses, aggregating one hundred and fifty-six dollars and ten cents, the matter in dispute. The claim was supported by the affidavit of one of the counsel for defendant, declaring the number of days each witness had been in attendance upon Court and the number of miles each one had traveled in so doing. It appears that none of the witnesses were summoned by subpœna and it also appears that none of them were sworn, as the nonsuit was ordered upon the call of the case for trial. Counsel for plaintiff contended before the clerk that the affidavit of each witness should be required to show the *per diem* and mileage to which he is entitled. The clerk held that the affidavit submitted was sufficient and taxed the costs as claimed. Plaintiff moved the Circuit Court to set aside said taxation (1) because the witnesses were not summoned by subpœna, (2) because there was no affidavits of the several witnesses as to their *per diem* and mileage, (3) because it was not shown that the witnesses were material, (4) because the affidavit of counsel was not the best evidence.

Judge Hydrick overruled the first contention, holding that when a witness has atended Court voluntarily at the request of a party he is entitled to his costs upon proof of the fact, and cites the opinion of Chief Justice McIver in *Lewis* v.

*Brown*, 16 S. C., 63. While this ruling is not brought under direct review by any exception, both parties have argued it in this Court as if involved, and it being important to indicate the law on this subject, we will not decline to consider it. The right to fix fees and costs depends wholly upon statute. Sec. 2863, Civil Code, provides: "Every person summoned to appear as a witness in the common pleas or probate court shall be paid by the persons or persons at whose suit the summons is issued one dollar for every day's attendance on such summons. * * * Sec. 3130 provides for fees of witnesses in the courts of common pleas and probate "one dollar for every day's attendance on summons." The summons here referred to is not a mere verbal or written notice from the party, but is the subpœna referred to in sec. 2861, authorizing the clerk of the Circuit Court at the request of either party to issue subpœnas for the attendance of witnesses, directing what shall be expressed in the subpœna and stating "at whose request they are *summoned*," showing that "subpœna" and "summons" in this connection, mean the same thing. The statute allows one dollar for every day's "attendance *on such summons.*" It is, therefore, manifest that a voluntary attendance on Court by a witness at the mere request of a party is not an attendance on the summons or subpœna required by the statute. The object of the statute is to give the Court greater control over the attendance of witnesses under subpœna and in some measure to check improper taxation for witness fees. In the case of *Lewis* v. *Brown, supra,* the question before the Court was whether the production of a subpœna writ is essential to entitle a witness to the taxation of his fees, and the Court said: "In the absence of any showing to the conrtary, we would, of course, take it for granted that the clerk had satisfactory evidence before him that the witnesses had been subpœnaed and had attended Court in obedience to such mandate. The production of the subpœna writ was not essential, as it may

have been lost, and if so, secondary evidence would have been competent and sufficient." The Court then proceeds to use the language relied on by the Circuit Judge: "Indeed, we are not prepared to say that it is necessary that a witness, who has attended Court, should be able to show that he has been duly subpœnaed in order to entitle him to charge the fees allowed by law; for if he attends voluntarily we do not see why he should not be just as much entitled to his fee as if he had been compelled to attend."

Notwithstanding this view of the learned Chief Justice McIver, we are constrained to think that, whatever may be the right of a witness attending voluntarily at the request of a party as against that party for compensation, it is a different question when attempt is made to tax fees against the adverse party, in which case the claimant must bring himself strictly within the terms of the statute. Under the practice before the adoption of the present statute, in order to tax the costs of a witness, it was necessary that the witness be subpœnaed. *Clark* v. *Linsseer,* 1 Bailey, 190; *Love* v. *Ingram,* 2 Speers., 88. We know of no statute authorizing a different rule and there is no good reason for departing from it now.

The Circuit Court sustained the second contention of plaintiff, under the authority of *Clark* v. *Linsseer,* 1 Bailey, 187, in the absence of any showing as to why the affidavits of the witnesses could not be obtained, and we concur in this ruling. The witness knows better than any one else how many days he attended Court pursuant to the summons or subpœna and how many miles he traveled, and the law requires the best evidence available. The affidavit of some one else would likely be based more or less upon information and belief. The affidavit of the witness would tend to purge his conscience and be the best evidence that he intended to make claim for his fees. It is not contended that the defendant has paid these fees and is claiming them as disbursements.

Upon the third ground of objection to the taxation of costs, the Circuit Court held that, if it appeared that the witnesses were not sworn, then it should appear by affidavit that their attendance was procured in good faith, and if required it should be made to appear at least *prima facie* that they were material or intended to be so. The ruling was correct, and is supported by *Love* v. *Ingram,* 2 Speer, 87; *Farr* v. *Farr,* 2 Hill, 554; *Taylor* v. *McMahan,* 2 Bailey, 131; *Winsmith* v. *Dewberry,* 14 S. C., 554.

The remaining ground of objection is involved and disposed of in the foregoing considerations.

The judgment of the Circuit Court is affirmed.